# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WEI CHEN,
Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,
Agency.

DOCKET NUMBER
PH-0714-20-0353-M-1

DATE: January 12, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Marc J. Levy</u>, Sudbury, Massachusetts, for the appellant.

<u>Jean M. Rummel</u>, Bedford, Massachusetts, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal after finding that the agency violated his due process rights. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and REMAND the appeal to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a GS-12 Contract Specialist with the Department of Veterans Affairs (DVA). *Chen v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-20-0353-I-1, Initial Appeal File (IAF), Tab 5 at 25. Effective April 22, 2019, the agency removed him from Federal service based on the charge of misrepresentation of start time. *Id*. at 26-28. The decision notice indicated that the removal action was being taken under the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (DVA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). *Id*. at 26.

Thereafter, the appellant filed an appeal with the Board challenging his removal and raising an affirmative defense of disparate treatment disability discrimination. IAF, Tab 1 at 6, Tab 15 at 4-12. After holding the appellant's requested hearing, IAF, Tab 1 at 2, Tab 29, Hearing Recording Day 1 (HR Day 1), Tab 30, Hearing Recording Day 2 (HR Day 2), the administrative judge issued an initial decision, IAF, Tab 32, Initial Decision. Therein, he concluded that the agency proved the charge of misrepresentation of arrival time by substantial evidence, as required by 38 U.S.C. § 714(d)(2)(A). *Id*. at 17-20. Acknowledging that an agency's adverse action decision includes the selection of the penalty, he concluded that the agency proved by substantial evidence that its decision to remove the appellant for the charged misconduct was reasonable. *Id*. at 20-21. He also found that the appellant failed to prove his affirmative defense of disparate treatment disability discrimination. *Id*. at 21-24. Accordingly, he affirmed the appellant's removal. *Id*. at 24.

After that initial decision became final, the appellant filed a civil complaint with the U.S. District Court for the District of Massachusetts challenging the administrative judge's decision. While that action was pending before the district

court, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), wherein it found that the DVA erred when it applied the substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. *Rodriguez*, 8 F.4th at 1296-1301. The same day it decided *Rodriguez*, the Federal Circuit also decided *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021), wherein it found that the DVA and the Board must still apply the *Douglas*[1] factors to the selection and the review of penalties in DVA disciplinary actions taken under 38 U.S.C. § 714. *Connor*, 8 F.4th at 1326-27. In light of the Federal Circuit's decisions in *Rodriguez* and *Connor*, the agency filed an unopposed motion with the district court to remand the case to the Board, which the court granted. *Chen v. Department. of Veterans Affairs*, No. 1:21-10225-JGD (D. Mass. Feb. 8, 2022) (order regarding motion for a voluntary remand).

On remand, the administrative judge reopened the record and provided the parties with an opportunity to address the issues discussed in *Rodriguez*, *Connor*, and *Bryant v. Department of Veterans Affairs*, 26 F.4th 1344 (Fed. Cir. 2022), which reiterated the Federal Circuit's decisions in *Rodriguez* and *Connor*. *Chen v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-20-0353-M-1, Remand Appeal File (RAF), Tab 4 at 2.[2] The administrative judge also explained that, because the holding in *Rodriguez* did not impact his conclusion that the agency did not discriminate against the appellant due to his disability, he would

---

[1] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

[2] The district court's remand order limited the scope of remand to the effect of the *Rodriguez* decision on the instant appeal. However, because the decisions in *Connor* and *Bryant* also affect this appeal, the administrative judge expanded the scope of remand to include the effects of *Rodriguez*, *Connor*, and *Bryant*. RAF, Tab 4 at 2. Neither party has challenged the expanded scope of the proceedings on remand, and we discern no error in this regard.

not revisit the issue on remand. *Id*. Both parties filed close of record submissions addressing *Rodriguez*, *Connor*, and *Bryant*. RAF, Tabs 5-6, 9.

In the agency's close of record submissions,[3] it argued that, although the deciding official found in the removal notice that the misconduct was supported by substantial evidence instead of preponderant evidence, such an error does not require reversal, but instead, is subject to the harmful error doctrine. RAF, Tab 9 at 5, 10-13, 21. Regarding whether the deciding official considered the *Douglas* factors consistent with *Connor*, the agency argued that the deciding official considered the spirit of certain *Douglas* factors in making his decision, but that it could, nonetheless, supplement the record with an affidavit or testimony at a brief and limited hearing to enumerate the relevant *Douglas* factors supporting the penalty decision. *Id*. at 13-15, 21. The appellant argued in his close of record brief that his removal should be reversed because the agency did not use the proper standard of proof at the time the removal decision was rendered and because the deciding official failed to properly consider the *Douglas* factors. RAF, Tab 5 at 4-10.

Without taking additional testimony, RAF, Tab 4, the administrative judge issued an initial decision on the written remand record, RAF, Tab 12, Remand Initial Decision (RID). Therein, he found that the deciding official failed to consider all the relevant *Douglas* factors in accordance with *Connor* and did not inform the appellant of the relevance of the *Douglas* factors as a whole prior to the appellant's written and oral replies, thereby denying him an opportunity to address those factors in his replies. RID at 10, 12-14. Thus, the administrative judge concluded that the agency violated the appellant's due process rights, a

---

[3] The agency's close of record brief was filed 1 day late, and the administrative judge found that the agency failed to demonstrate good cause for the untimely filing. RID at 7 & n.5. As such, she did not consider the agency's close of record brief. RID at 7 n.5. However, she explained that the agency's reply to the appellant's close of record brief was timely filed and raised the same arguments contained in the untimely close of record brief, and she considered the agency's reply in issuing the initial decision. *Id*.

finding that mandated reversal. RID at 14. Because the administrative judge found that the appellant's removal should be reversed on due process grounds as it relates to the *Douglas* factors, he declined to resolve what effect the agency's application of the incorrect standard of proof during its internal deliberations, as contemplated in *Rodriguez,* should have on the appeal. RID at 10. Based on the foregoing, the administrative judge reversed the appellant's removal.[4] RID at 14.

The agency has filed a petition for review of the remand initial decision. Petition for Review (PFR) File, Tab 1. It argues that the administrative judge's disposition of the appeal concerned only the deciding official's handling of the *Douglas* factors and did not address the issue identified by the district court in its order remanding the appeal, which remanded for further proceedings consistent with *Rodriguez*. *Id*. at 1, 6. The agency also disagrees with the administrative judge's finding that the deciding official violated the appellant's due process rights with his handling of the *Douglas* factors because the relevant factors upon which he relied were properly communicated to the appellant, and it was otherwise under no obligation to provide the appellant with a "primer on the thoroughness he must employ" in replying to the proposed removal. *Id*. at 9-11. As such, the agency argues that it provided the appellant with the required due process and that any error related to the *Douglas* factors should be addressed under the harmful error doctrine. *Id*. at 17-21. Accordingly, it asks that the Board remand the appeal back to the agency for a new penalty determination. *Id*. at 22-24.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency's petition for review presents three issues: (1) whether the agency's penalty determination was in accordance with *Connor*; (2) whether the

---

[4] The administrative judge reiterated that the decisions in *Rodriguez* and *Connor* did not impact the basis for his finding in the prior initial decision that the appellant failed to prove his disparate treatment disability discrimination claim, and that that finding remains unchanged. RID at 2, 9.

removal action was consistent with due process requirements; and (3) whether the removal action was taken in accordance with *Rodriguez*. Because the first two issues are related, we address them together below. We then turn to the effect that the Federal Circuit's decision in *Rodriguez* has on this appeal. As set forth below, we find that, although the removal action did not run afoul of due process requirements, the penalty determination was not in accordance with *Connor*, nor was the removal action consistent with *Rodriguez*. On these grounds, we remand the appeal.

<u>We remand the appeal for a redetermination of the appropriate penalty.</u>

*The deciding official failed to properly consider the Douglas factors.*

We previously explained that, under *Connor*, the DVA and the Board must still apply the relevant *Douglas* factors[5] to the selection and review of penalties in DVA disciplinary actions taken under 38 U.S.C. § 714. *Connor*, 8 F.4th at 1326-27. In the decision notice, the deciding official stated that the appellant's position as a contract specialist requires the highest levels of integrity and honesty and that the evidence demonstrated that the appellant did not possess

---

[5] The *Douglas* factors include: (1) the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its impact upon the reputation of the agency; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question; (10) potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others. *Douglas*, 5 M.S.P.R. at 305-06.

those values. IAF, Tab 5 at 26. Thus, the deciding official concluded that he lost trust in the appellant's ability to perform his duties. *Id*. Additionally, during the hearing, the deciding official testified that he doubted that the appellant had any rehabilitative potential because the appellant continued to deny the misconduct and did not show any remorse. IAF, Tab 32 at 11; HR Day 2 (testimony of the deciding official). He also testified that he considered the appellant's status as a disabled veteran and the negative financial impact removal would have on the appellant and his family. HR Day 2 (testimony of the deciding official).

In the remand initial decision, the administrative judge observed that the agency did not complete a formal *Douglas* factors analysis, nor did he consider other relevant factors favorable to the appellant, such as the appellant's length of service, disciplinary record, and job performance. RID at 12. Accordingly, she concluded that the deciding official failed to consider all the relevant *Douglas* factors in making his penalty determination. RID at 10. On review, the agency argues that not all the *Douglas* factors are relevant in every case and that the deciding official considered the factors most relevant to the instant action. PFR File, Tab 1 at 14-16.

Although we acknowledge that the deciding official considered some of the relevant *Douglas* factors, we agree with the administrative judge's assessment of this issue and find that the deciding official's overall analysis of those factors is inadequate. Notably, the section in the decision notice explaining the basis for the penalty of removal is three sentences long and references, at most, 3 of the 12 *Douglas* factors. IAF, Tab 5 at 26. Despite the deciding official's elaborating on his penalty analysis during the hearing as explained above, we do not believe that this additional testimony demonstrates a "responsible balancing of the relevant factors." *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981); *see also Holmes v. U.S. Postal Service*, 987 F.3d 1042, 1047 (Fed. Cir. 2021) (explaining that the Board is required to determine whether the agency has responsibly balanced the factors delineated in *Douglas*). As pointed out by the

administrative judge, the deciding official did not consider the appellant's length of service, disciplinary record, or job performance. ID at 12. Nor did he consider the consistency of the penalty imposed upon others for the same or similar offenses, the consistency of the penalty with any applicable table of penalties, the adequacy of alternative sanctions, or the clarity with which the appellant was on notice of any rules that were violated in committing the offense.

We acknowledge that not every *Douglas* factor will be relevant in every case and that the law does not require consideration of all 12 factors. *See Douglas*, 5 M.S.P.R. at 306. However, we cannot conclude, as the deciding official seemingly did, that <u>none</u> of the above-referenced factors are relevant in the penalty determination. Importantly, the record does not contain any explanation as to why the deciding official took such an exceedingly narrow view on what *Douglas* factors he deemed relevant. Based on the foregoing, we find that the deciding official's penalty analysis was cursory in nature, and we agree with the administrative judge that the deciding official failed to consider all the relevant *Douglas* factors pursuant to *Connor*.[6] *See id.* (explaining that the Board must ensure that the agency conscientiously considered the relevant factors).

*The agency did not violate the appellant's due process rights.*

As mentioned above, the administrative judge also found that, because the agency failed to inform the appellant of the general relevance of the *Douglas* factors prior to his written and oral replies to the notice of proposed removal, the appellant was "not aware that it may have been helpful for him to emphasize" certain factors, such as performance ratings, years of service, awards, and lack of

---

[6] Regarding the deciding official's conclusion that the appellant lacked rehabilitative potential because he continued to deny the misconduct and, thus, lacked remorse, such a conclusion is improper. HR Day 2 (testimony of the deciding official). In *Smith v. Department of the Navy*, the Board stated that it is inappropriate to consider an appellant's denial of misconduct as an aggravating factor in determining the maximum reasonable penalty and similarly inappropriate to consider an appellant's lack of remorse for the misconduct when the lack of remorse is a consequence of his denial of the misconduct. 62 M.S.P.R. 616, 621 (1994).

prior discipline.  RID at 10, 12.  As such, the administrative judge found that the agency violated the appellant's due process rights.  RID at 12-13.  Finding a due process violation, the administrative judge also concluded that the deciding official's failure to properly consider the relevant *Douglas* factors, as discussed above, could not be remedied.  ID at 13-14.  On review, the agency argues that it provided the appellant with the necessary due process and that it should be given an opportunity to address any inadequacies in its penalty analysis.  PFR File, Tab 1 at 17-24.

It is well settled that the essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, an explanation of the evidence, and an opportunity for him to present his account of events.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The record demonstrates that the appellant was provided with notice of his proposed removal based on a charge of misrepresentation of arrival time, the evidence on which this charge was based, and an opportunity to reply to the proposed action.  IAF, Tab 5 at 82-85.  It is also undisputed that the proposal notice discussed (albeit in a cursory fashion) the basis for the proposed penalty of removal.  *Id*.  Thus, although the agency did not explain the general relevance and application of the *Douglas* factors to the appellant prior to the issuance of the final decision, the appellant was nonetheless aware of the limited factors upon which the removal action was purportedly based.[7]  *Id*.  Such notice is consistent

---

[7] Although the deciding official testified at the hearing that he also considered the appellant's status as a disabled veteran as a mitigating factor—a factor not discussed in the disciplinary notices—the deciding official asserted, without contradiction, that the appellant raised that factor in his reply to the proposal notice.  HR Day 2 (testimony of the deciding official); IAF, Tab 32 at 4.  As such, it was appropriate for the deciding official to consider it.  *See Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 12 (2014) (confirming that it is not a due process violation when a deciding official considers and rejects arguments raised by the appellant in response to a notice of proposed removal).  The deciding official also testified that he considered the negative financial impact a removal would have on the appellant and his family, but no such consideration was included in the disciplinary notices.  HR Day 2 (testimony of the deciding official; RID at 4-5.  However, this consideration is not a mitigating factor; it

with due process requirements. *See Bennett v. Department of Justice*, 119 M.S.P.R. 685, ¶ 10 (2013) (stating that a deciding official's knowledge of information only raises due process or procedural concerns when that knowledge is a basis for his determinations on either the merits of the underlying charge or the penalty to be imposed).

Moreover, we find no legal support for the administrative judge's conclusion that an agency's failure to explain the general existence and relevance of the *Douglas* factors to the appellant constitutes a per se due process violation. Importantly, in *Rodriquez* and *Bryant*, the Federal Circuit observed that the deciding officials in both cases did not consider the *Douglas* factors in making their penalty determinations. *Rodriguez*, 8 F.4th at 1296, 1301-03; *Bryant*, 26 F.4th at 1346. In neither case did the Federal Circuit identify their failure to do so as a due process violation; rather, it simply reiterated its holding in *Connor* that the DVA and the Board must consider the *Douglas* factors. *See Rodriguez*, 8 F.4th at 1301-02; *Bryant*, 26 F.4th at 1347-48. Further, in both cases, the Federal Circuit remanded the appeals back to the Board for the appropriate proceedings without reversing the removal actions outright. *Rodriguez*, 8 F.4th at 1307, 1309; *Bryant*, 26 F.4th at 1347-48. Based on the foregoing, we vacate the administrative judge's finding that the agency violated the appellant's due process rights.

Although the administrative judge is correct that a due process violation requires the reversal of an agency's action, RID at 14 (citing *Giannantonio v. U.S. Postal Service*, 111 M.S.P.R. 99, ¶ 5 (2009)), we find that, because no due process violation occurred, there is no bar to remanding this appeal to the agency for a proper penalty redetermination. *See Connor*, 8 F.4th at 1326-27 (stating that, absent mitigation authority, if the Board determines that the DVA failed to

---

is a consequence inherent in the disciplinary action itself. Thus, there is no evidence that the deciding official considered any specific factor that the appellant did not have an opportunity to address prior to the issuance of the final decision effecting his removal.

consider the *Douglas* factors, the Board must remand to the DVA for a redetermination of the penalty); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that, because the Board cannot mitigate or independently set penalties in an action taken under section 714, if it concludes that the DVA's removal decision is unsupported by substantial evidence, the Board should remand to DVA for further proceedings). Accordingly, we remand the appeal to the Northeastern Regional Office so that the administrative judge may facilitate the agency's prompt penalty redetermination.[8]

<u>We remand the appeal for the administrative judge to consider whether the agency's error in applying the substantial evidence standard of proof in taking the removal action was harmful.</u>

We now turn to the issue addressed by the district court in its order granting the agency's motion for a voluntary remand—the impact of the Federal Circuit's decision in *Rodriguez* on the instant appeal. In the decision notice, the deciding official stated that the charge of misrepresentation of start time "is supported by substantial evidence." IAF, Tab 5 at 26. As explained above, the Federal Circuit in *Rodriguez* found that the preponderant evidence standard is the proper standard for DVA to apply in determining whether an employee has engaged in misconduct that justifies discipline. *Rodriguez*, 8 F.4th 1297, 1301. We explained above that the administrative judge did not resolve this issue because she disposed of the appeal on other grounds. ID at 10.

It is not disputed that the agency applied the incorrect standard of proof to its internal disciplinary proceedings. IAF, Tab 5 at 26. We conclude that this

---

[8] The administrative judge's conclusion that a remand to the agency would be "a bridge too far" is inconsistent with *Connor* and *Brenner*. RID at 13; *see Connor*, 8 F.4th at 1326-27; *Brenner*, 990 F.3d at 1325. On remand to the agency, however, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Brenner*, 990 F.3d at 1324 (observing that the DVA Accountability Act maintains due process protections for employees); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir 1999).

misapplication constitutes error. In *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, the Board held that, because the Board adjudicates an action taken under the DVA Accountability Act under 5 U.S.C. § 7701(b)(1), *see* 38 U.S.C. § 714(c)(4)(A), (d)(1), actions taken under 38 U.S.C. § 714 are subject to the harmful error test from 5 U.S.C. § 7701(c)(2), *Semenov*, 2023 MSPB 16, ¶ 23. As such, the proper inquiry here is whether the agency's error in applying the incorrect standard of proof was likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *See id*. (citing *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r)). Accordingly, we also remand this appeal for the administrative judge to consider whether the agency committed harmful error.

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with *Rodriguez*, 8 F.4th 1290, *Connor*, 8 F.4th 1319, *Bryant*, 26 F.4th 1344 and this Remand Order. On remand, the administrative judge shall first set a deadline for the agency to conduct the penalty redetermination, reissue an agency decision, and notify the administrative judge of that decision.

After the agency provides the administrative judge with the penalty redetermination, the administrative judge shall then address whether the agency's error in applying the substantial evidence standard of proof to its original action was harmful, *see* 5 U.S.C. § 7701(a)(1), (b)(1); *Semenov*, 2023 MSPB 16, ¶ 24, and whether its new penalty is supported by substantial evidence, *Connor*, 8 F.4th at 1325-36. In so doing, he shall provide the parties with an opportunity to present evidence and argument addressing these issues.[9]

The administrative judge shall then issue a new initial decision including his findings on whether the agency committed harmful error in applying the

---

[9] The administrative judge shall hold a hearing limited to the issues on remand if one is requested by the appellant.

substantial evidence standard of proof to its action, and if not, whether the new penalty is supported by substantial evidence. *See* 5 U.S.C. § 7701(a)(1), (b)(1); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1376-77 (Fed. Cir. 2020); *Semenov,* 2023 MSPB 16, ¶ 24. Regardless of whether the appellant proves harmful error in the agency's application of the substantial evidence standard of proof in its decision, if any argument or evidence adduced on remand affects the administrative judge's analysis on the appellant's affirmative defense of disparate treatment disability discrimination, he should address such argument or evidence in the remand decision.[10] *See Semenov*, 2023 MSPB 16, ¶ 25. When issuing a new initial decision on these matters, the administrative judge may incorporate the findings and conclusions of the prior initial decision, consistent with this Remand Order, into that new initial decision.

FOR THE BOARD:                    _____

Jennifer Everling

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

---

[10] To the extent the Board's decision in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31 affects the administrative judge's analysis of the appellant's disparate treatment disability discrimination affirmative defense, the new initial decision should include that analysis.